UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. TURNER, | No. C 06-1421 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CHARLES BENNETT; et al., | |
| Defendants. | |

The court did an initial review of the complaint in this action, identified two apparent problems – i.e., that the complaint appeared to be time-barred and appeared to assert some claims barred by the rule from <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) – and ordered plaintiff to file an amended complaint by October 20, 2006. Aug. 30, 2006 Order Of Dismissal With Leave To Amend. Upon plaintiff's request, the court extended the deadline to file an amended complaint, setting a new deadline of November 20, 2006, but cautioning that "[n]o further extensions of this deadline will be permitted." Nov. 3, 2006 Order Extending Deadline. More than nine months have passed since the court identified the deficiencies in plaintiff's complaint and told him he had to file an amended complaint yet there is still no amended complaint on file.

Notwithstanding the court's caution that the November 20, 2006 deadline to file an amended complaint would not be extended, on December 1, 2006, plaintiff filed a motion for another extension of time and a motion for a temporary restraining order to compel prison officials at the state prison in Corcoran to give him 10-12 hours of law library access per

United States District Court
For the Northern District of California

1 week. He complained that his prison facility had been on lockdown for several months and
2 that the paging system (by which inmates can request copies of legal materials to read in their
3 cells) did not work for him because he was "'not able to browse through materials in order to
4 compare legal theories and formulate ideas.'" Motion To Extend Allocated Time For Leave
5 To Amend, p. 2. Despite the lack of physical access to the law library, his motion for an
6 extension of time and for a restraining order cited numerous legal authorities – indicating that
7 he could access legal materials, even if he couldn't "browse" through the materials in the law
8 library.
9   Plaintiff's motion for another extension of time and his motion for a temporary
10 restraining order are DENIED. (Docket # 9 and # 10). Injunctive relief may be granted if
11 either of two sets of criteria are satisfied. The "traditional" test requires the movant to: (1)
12 establish a strong likelihood of success on the merits; (2) show the possibility of irreparable
13 injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships
14 favoring the movant; and (4) show that granting the injunction favors the public interest. See
15 Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200
16 (9th Cir. 1980). The "alternative" test requires that the movant demonstrate either a
17 combination of probable success on the merits and the possibility of irreparable injury, or
18 that serious questions are raised and the balance of hardships tips sharply in his favor. See
19 Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003). Under either test, the
20 likelihood of success on the merits matters. Here, the complaint has a statute of limitations
21 problem as well as a Heck problem and plaintiff has not filed an amended complaint. The
22 state of the pleadings does not suggest any probability of success on the merits for plaintiff.
23 Another reason to deny the injunctive relief is that it is not related to the subject matter of the
24 complaint and is sought against non-parties. See Kaimowitz v. Orlando, Fl., 122 F.3d 41, 43,
25 amended, 131 F.3d 950 (11th Cir. 1997), cert. denied, 523 U.S. 1138 (1998) ("A district
26 court should not issue an injunction when the injunction in question is not of the same
27 character, and deals with a matter lying wholly outside the issues in the suit"); Devose v.
28 Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction

1 must necessarily establish a relationship between the injury claimed in the party's motion and
2 the conduct asserted in the complaint").  The court will not order prison officials at the state
3 prison in Corcoran to let plaintiff have a fixed amount of time each week to physically access
4 the law library so that he may browse through materials in search of a claim.  As noted
5 earlier, the motion for a restraining order shows that he has access to some legal materials.
6 And any suggestion that plaintiff doesn't know what he needs to ask for in the paging system
7 with regard to amending the complaint is not well-taken because the court identified the
8 particular cases and statutes related to the statute of limitations and Heck problems that the
9 court identified in its initial review of the complaint.  The court also will not further extend
10 the deadline for plaintiff to amend – at this point, more than nine months have passed since
11 the court first identified the deficiencies in the complaint and plaintiff has declined to provide
12 an amended complaint.  The court had cautioned plaintiff that the deadline for him to file his
13 amended complaint would not be extended beyond November 20, 2006.

14 Plaintiff failed to file an amended complaint and the deadline by which to do so has
15 long passed.  This action is DISMISSED because plaintiff's original complaint appeared to
16 be time-barred and plaintiff failed to file an amended complaint that pled around the statute
17 of limitations problem.  The clerk shall close the file.

18 IT IS SO ORDERED.
19 Dated: July 3, 2007

_____
Marilyn Hall Patel
United States District Judge

**United States District Court**
For the Northern District of California

3